# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

JAMES THOMAS AKIN, JR.,

    Plaintiff,

VS.

Chief Jailer DELWIN PARTAIN, *et al.*,

    Defendants.

NO. 1:07-CV-106 (WLS)

**ORDER & RECOMMENDATION**

    Plaintiff **JAMES THOMAS AKIN, JR.**, currently an inmate at the Albany Transition Center, filed this action arising out of alleged constitutional violations that occurred during the three months he was confined at the Crisp County Detention Center ("Crisp CDC"). Plaintiff has twice supplemented his complaint to provide additional information about the following alleged violations: (1) denial of access to a law library; (2) food concerns; (3) overcrowding and unsanitary conditions; and (4) various medical related claims.[1]

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

---

[1] Plaintiff raised several claims in his complaint that did not merit supplementing because said claims are frivolous on their face. These claims include poor circulation of air, satantic symbols and racial slurs on walls, and no receipts upon submission of plaintiff's grievances.

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

### A. Denial of Access to a Law Library

Plaintiff alleges that he was denied the use of a law library to prepare for his probation revocation hearing. However, plaintiff indicates that he was represented by counsel in this matter.

The Fourteenth Amendment provides prisoners with a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But in *Lewis v. Casey*, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited *Bounds* by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. *Id.* at 2177-79. Access to a law library

"is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted).

Plaintiff's representation by counsel satisfies plaintiff's right of access to the courts, notwithstanding that he was denied access to a law library. *See e.g., Bounds*, 430 U.S. at 828 (inmates have a constitutional right to either access to law library **or** assistance of a lawyer). Moreover, the injury alleged by plaintiff - that he would have gotten his probation reinstated had he been able to use the library before his counsel was appointed - is fanciful at best.

Accordingly, it is **RECOMMENDED** that plaintiff's denial of access to courts claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B. Conditions of Confinement Claims

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992). The Supreme Court, however, has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an

excessive risk to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" that deny "the minimal civilized measure of life's necessities" will support a conditions-of-confinement claim. *Hudson*, 503 U.S. at 9. The severity and duration of the prisoner's exposure to the alleged unconstitutional condition are factors to consider in determining whether a prisoner's rights were violated. *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004).

### *1. Food Concerns*

Plaintiff complains that the food service staff at the Crisp CDC did not wear hair nets or gloves and that food portions were small. Plaintiff was apparently diagnosed as a diabetic while confined at the Crisp CDC and he complains that it took jail officials two weeks to begin providing him with special diabetic meals.

The minimum requirement of prison fare is that it be nutritionally adequate and prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff has failed to allege that the food at the Crisp CDC was nutritionally inadequate. Further, plaintiff has not alleged that he has suffered from any serious health problems or other injury as a result of the small portions or the server's failure to wear hair nets or gloves. Finally, although plaintiff states that his blood sugar was elevated, he does not allege that he suffered any serious physical injuries as a result of the two week delay in his receiving diabetic meals. Therefore, the undersigned concludes that plaintiff's food claims do not rise to the level of a constitutional violation and **RECOMMENDS** that they be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### *2. Overcrowding and Unsanitary Conditions*

Plaintiff alleges that during at least part of his incarceration, either nine or ten men were confined in his eight man cell. Plaintiff claims that he was forced to sleep on a mattress on the floor. As a result, he alleges he suffered from numerous spider and ant bites and that he contracted a staph infection. Plaintiff also complains about a general lack of sanitation.

As discussed below with respect to medical claims, plaintiff's staph infection claim will be allowed to go forward. The undersigned concludes, however, that plaintiff's other claims relating to overcrowding and unsanitary conditions do not constitute the "extreme deprivations" necessary to support a constitutional claim, particularly considering that plaintiff was only confined at the Crisp CDC for approximately three months. Moreover, other than the staph infection, plaintiff has not alleged any physical injuries as a result of these conditions.

Accordingly, it is **RECOMMENDED** that plaintiff's overcrowding and unsanitary conditions claims be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### *C. Medical Claims*

Deliberate indifference to serious medical needs by prison personnel may constitute an Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive

as to shock the conscience or to be intolerable to fundamental fairness." **Harris v. Thigpen**, 941 F.2d 1495, 1505 (11th Cir.1991). To prove he was denied medical treatment in violation of the Eighth Amendment, plaintiff must show (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. **Taylor v. Adams**, 221 F.3d 1254, 1258 (11th Cir. 2000); **Campbell v. Sikes**, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).

A county, or a medical provider with which it contracts to furnish services, is not liable under section 1983 unless the unconstitutional conduct occurred as a direct result of an official policy, practice, or custom. *See* **City of Canton v. Harris**, 489 U.S. 378, 385 (1989); **Buckner v. Toro**, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation acts on behalf of a municipality, then that entity should be treated as a municipality). Such defendants may not be held liable for the acts of its personnel under respondeat superior. **Skop v. City of Atlanta, Ga.**, 485 F.3d 1130, 1145 (11th Cir. 2007).

Plaintiff alleges that medication was dispensed by nonmedical personnel, that plaintiff suffered severe pain for two months due to the delay in pulling his tooth, that his blood sugar was not monitored, and that he received inadequate treatment for the above-mentioned staph infection and a rash on his penis.

With respect to nonmedical personnel dispensing medication, plaintiff alleges a single instance in which Jailer Willie Lee Jr. gave plaintiff the wrong medication. Plaintiff claims that he

suffered an allergic reaction - a rash that lasted for three days. Plaintiff has not alleged that defendant Lee's conduct was more than mere negligence. Accordingly, this claim does not rise to the level of a constitutional claim. It is **RECOMMENDED** that such claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

As to plaintiff's other medical claims, he summarily alleges that all named defendants were made aware of the inadequacy of his medical care, but the only medical personnel mentioned by name is "Miss Middlebrooks." Although the Court gave plaintiff multiple opportunities to describe the roles of each defendant, plaintiff makes no allegations that the named individual defendants, other than Sheriff Donnie Harrelson and Chief Jailer Delwin Partain, had any authority to influence plaintiff's medical treatment. Moreover, plaintiff does not allege that either Crisp County or the Crisp County Regional Hospital, Inc., had a policy, practice, or custom of limiting access to proper medical care to prisoners at the Crisp CDC.

Based on the foregoing, it is **RECOMMENDED** that the following parties be **DISMISSED** as defendants in this action: Jailers Linda Owens, Anthony Abella, Willie Lee, Jr., Michelle Paul, Tiffany Tucker, Cecil Bodrey, Sandra Davis, Debra Williams, Keith Jones, Crisp County Regional Hospital, Inc., and Crisp County.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

Construing the complaint liberally in favor of plaintiff, as this Court is required to do at this

juncture, his medical claims shall be allowed to go forward against Miss Middlebrooks, Sheriff Donnie Harrelson, and Chief Jailer Delwin Partain. It is hereby **ORDERED** that service be issued against these defendants, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. **Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein**.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said

original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties**.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** of the date of filing of an answer or dispositive motion by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been

completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. Pursuant to Rule 5 of the Federal Rules of Civil Procedure, as amended, and Local Rule 5.1, as amended, the filing of discovery is prohibited. Specifically, the following discovery requests and responses must not be filed until they are used in the proceeding or the Court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admissions. Any of the above-described discovery documents will be returned to the filer. Additionally, Local Rule 33.1 limits interrogatories to 25 to each party; Local Rule 34 limits requests for production to 10 per party; and Local Rule 36 limits requests for admission to 15 per party. Any discovery that is not timely produced or responded to must be brought to the attention of the Court by a motion from the party seeking discovery or production.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a SEPARATE MOTION accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 16th day of June, 2010.

S/ *THOMAS Q. LANGSTAFF*

THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

cr