IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES THOMAS AKIN, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | :    **1 : 07-CV-106 (WLS)** |
| DONNIE HARALSON, Sheriff of Crisp County, | : |
| DELWIN PARTAIN, and | : |
| MISS MIDDLEBROOKS, | : |
| | : |
| Defendants. | : |

# RECOMMENDATION

The Plaintiff filed this action in June 2007, challenging certain conditions of his confinement at the Crisp County Detention Center during 2007. Since filing a notice of change of address on January 21, 2010, the Plaintiff has taken no action in this matter and has had no contact with the Court. Election forms mailed to the Plaintiff at his last known address were returned to the Clerk of Court on October 13, 2010 as undeliverable. (Doc. 30). Additionally, the Plaintiff's service copy of the Court's November 22, 2010 notification Order pertaining to Defendants' summary judgment motion was returned to the Clerk of Court, marked as "not deliverable as addressed" and "unable to forward". (Doc. 38). Based on the record of inactivity herein, the Court ordered the Plaintiff to show cause as to why this case should not be dismissed for his failure to diligently prosecute this lawsuit. (Doc. 39). This Show Cause Order was filed on December 21, 2010. Plaintiff's service copy of this December 21, 2010 Show Cause Order has been returned to the Clerk of Court, marked as "not deliverable as addressed" and "unable to forward". (Doc. 40).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would

not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. One year has passed since the Plaintiff's last contact with the Court, when Plaintiff filed a notice of change of address. (Doc. 20). Plaintiff has failed to respond to the Defendants' Motion for Summary Judgment as directed. Additionally, several pieces of mail sent to Plaintiff's last known address have been returned to the Court as undeliverable, evidencing the Plaintiff's failure to keep the Court informed as to his current address as directed.

The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in the last year, has failed to respond to the Defendants' Motion for Summary Judgment, has failed to respond to the Court's Show Cause Order, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address, it is the recommendation of the undersigned that this action be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 18th day of January, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb

2